UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MYKAYLA FAGNANI, on behalf of herself and all other persons similarly situated,<br><br>                          Plaintiff,<br><br>-against-<br><br>THE MENTHOLATUM COMPANY,<br><br>                          Defendant. | 25-CV-336 (AS)<br><br>NOTICE OF INITIAL<br>PRETRIAL CONFERENCE |

ARUN SUBRAMANIAN, United States District Judge:

       Unless and until the Court orders otherwise, counsel for all parties shall appear for an initial pretrial conference with the Court on **April 15, 2025** at **2:30 PM**. The parties should dial in by calling (646) 453-4442 and entering the Phone Conference ID: **263 337 575**, followed by the pound (#) sign. Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as Lead Trial Counsel.

       **All counsel must familiarize themselves with the Court's Individual Practices, which are available at https://nysd.uscourts.gov/hon-arun-subramanian.** All parties are required to register promptly as filing users on ECF.

       **Plaintiff must serve defendant within thirty days of filing its complaint.**

       **Defendant is permitted to take one deposition of Plaintiff on the issue of standing, not to exceed three hours, within 30 days of service.**

       **The parties should note that the Court finds persuasive the analysis in *Winegard v. Newsday LLC*, 556 F. Supp. 3d 173 (E.D.N.Y. Aug. 16, 2021) regarding the scope and applicability of the ADA. On any motion to dismiss, plaintiff is encouraged to focus its briefing on why *Winegard* should be rejected or why the case as pleaded satisfies the ADA's requirements as construed in that case.**

       Counsel are directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Federal Rule of Civil Procedure 16 conference. Additionally, in accordance with Paragraph 4.D of the Court's Individual Practices, the parties are hereby ORDERED to file on ECF a joint letter, described below, as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than **Wednesday of the week prior to the conference date**. The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at

**https://nysd.uscourts.gov/hon-arun-subramanian**. Any open legal issues can be addressed at the conference.

The joint letter shall not exceed three (3) pages, and shall provide the following information in separate paragraphs:

(1) A brief statement of the nature of the action and the principal defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

(2) A brief explanation of why jurisdiction and venue lie in this Court.

(3) A statement of all existing deadlines, due dates, and/or cut-off dates;

(4) A brief description of any outstanding motions;

(5) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(6) A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;

(7) A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate; and

(8) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such a letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* https://www.nysd.uscourts.gov/electronic-case-filing.

In accordance with the Court's Individual Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least **48 hours** before the deadline or conference. The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous

requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

Counsel who have entered a notice of appearance as of the issuance of this order are directed (1) to notify counsel for all other parties in this action who have not yet appeared by serving upon each of them a copy of this order and the Court's Individual Practices forthwith, and (2) to file proof of such notice with the Court. If unaware of the identity of counsel for any of the parties, counsel receiving this order must forthwith send a copy of this order and the Court's Individual Practices to that party personally.

SO ORDERED.

Dated: January 15, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge

3